# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| HENRY E. LANGFORD | § | |
| | § | |
| V. | § | CASE NO. 4:14cv266 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 18, 2011, claiming entitlement to disability benefits due to severe cognitive and learning disabilities. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on December 18, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the impartial medical expert, Rick Adams, M.D., and the impartial vocational expert, Russell B. Bowden, testified.

On January 28, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 20, 2013. Therefore, the January 28, 2013 decision of the ALJ became the final decision of the

1

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings**:**

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since June 16, 2010, the alleged onset date (20 CFR 404.1571 *et seq.).*

3. The claimant has the following severe impairments: Major Depressive Disorder (MDD), Anxiety Disorder, diabetes, obesity, hypertension, and cirrhosis (20 CFR § 404.1520©).

4. The claimant does not have an impairment or combination of impairments or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b). He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for up to six hours of an 8-hour workday. He retains the ability to understand, remember, and carry out simple instruction and occasional interaction with supervisors, co-workers, and the public.

6. The claimant is unable to perform any relevant past work (20 CFR § 404.1565).

7. The claimant was born February 1, 1967, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR § 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). Further, the claimant is limited to unskilled work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 16, 2010, through the date of this decision (20 CFR § 404.1520(g)).

(Tr. 15-21).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable

4

impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff first complains that the Appeals Council did not evaluate the opinion of Dr. Aina. Plaintiff contends that this new and material evidence warrants a remand. For the reasons noted below and in the record, such evidence was considered by the Council.

If a claimant is "dissatisfied" with an ALJ's decision, he or she "may request" review by the Appeals Council. 20 C.F.R. § 404.967. When a claimant requests review, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to [the ALJ]." *Id.* The regulations specifically permit claimants to submit additional evidence, not before the ALJ, to the Appeals Council to consider along with the request for review. 20 C.F.R. §§ 404.968(a), 404.970(b). In those cases, the Appeals Council first determines if the submission is "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). For purposes of this appeal, the Court assumes that Plaintiff's additional evidence submitted to the Appeals Council constitutes new and material evidence.

When confronted with new and material evidence, the Appeals Council then "evaluate[s] the entire record including the new and material evidence." 20 C.F.R. § 404.970(b). If the Appeals Council finds that the ALJ's conclusion is contrary to the weight of the current record evidence, it will grant the request for review and either issue a decision or remand the case to the ALJ. 20

5

C.F.R. §§ 404.967(b), 404.979. But, if the weight of the evidence in the current record is still consistent with the ALJ's decision, the Appeals Council can simply deny the request for review.

Contrary to Plaintiff's contention, nothing in the Act or regulations requires that the Appeals Council explain its rationale for denying review. Instead, the Act does not require the Appeals Council to do anything more than what it did here—state that it considered new and material evidence in deciding whether to grant review. The Appeals Council's Order and Exhibit List specifically reference the newly submitted evidence. (Tr. 5, Exhibit 21F).

The decision of the Appeals Council stated: "[W]e considered ... the additional evidence listed on the enclosed Order of Appeals Council .... We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). Nothing more is required. *See Cantrell v. McMahon*, 227 F. App'x 321, 323 (5th Cir. 2007) (Appeals Council adequately considered newly submitted evidence and specifically stated in its order that it had considered the additional evidence and found it did not warrant changing the ALJ's disability decision.); *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006) (finding "nothing in the statutes or regulations" requires the Appeals Council to explain its evaluation when "new evidence is submitted and the Appeals Council denies review"); *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (rejecting argument that Appeals Council must "make its own finding" and "articulate its own assessment" of new evidence when denying review); *Damato v. Sullivan*, 945 F.2d 982, 988-89 (7th Cir. 1991) ("Since the ... regulations do not require an explanation of the grounds for rejection, we hold that the Appeals Council may deny review without articulating its reasoning," even when new and material evidence is submitted.). Plaintiff's point of error that the Council did not review the evidence submitted is overruled.

Although the additional evidence in this case did not warrant relief by the Appeals Council, it was made part of the record. (Tr. 5). And so, the Court must consider it, along with the record before the ALJ, when determining whether substantial evidence supports the final decision of the Commissioner. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

Exhibit 21 is a fill-in-the-box questionnaire submitted by Plaintiff's counsel to Dr. Aina. The exhibit specifically limits the doctor's opinions up to July 2012. The ALJ's opinion is well after this date. Further, the exhibit is not certified by the doctor.

In any event, the question is whether, in light of this exhibit, the ALJ's opinion is substantially diluted, as Plaintiff puts it. According to the records, Dr. Aina last saw Plaintiff in July 2012. She notes that he is doing well, stable in his moods and sleeping well. (Tr. 540). She states that there are no signs of depression or mood elevation. His affect is appropriate. There are no indicators of psychotic process. He is fully oriented with no signs of anxiety. There are no signs of hyperactivity or attention difficulties.

The Court notes that the fill-in-the-box forms frequently submitted are, at best, weak evidence, particularly where as here the written report of the doctor contradicts some of the conclusions noted. For example, there is nothing in her last report that would substantiate a conclusion that Plaintiff has a complete loss of ability to behave in an emotionally stable manner, as is noted in her fill-in-the-blank form. Again, such conclusions are limited to the time she treated the patient and there is no evidence she saw the patient after July 2012. The Court finds that the ALJ's opinion was based on substantial evidence and that the recent medical submissions would not change the result and thus would not warrant a remand.

For these reasons, the Court AFFIRMS the decision of the Administrative Law Judge.

**SO ORDERED.**

**SIGNED this 18th day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE